**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JON LOGAN KENNISON,

Petitioner,

v.

JEREMY BEAN, et al.,

Respondents.

Case No. 2:26-cv-02208-RFB-BNW

**ORDER**

Petitioner Jon Logan Kennison filed a *pro se* Petition for Writ of Habeas Corpus (ECF No. 1-1) under 28 U.S.C. § 2254, an Application to Proceed *In Forma Pauperis* (ECF No. 1), and a Motion for Counsel (ECF No. 1-5). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1]

## I. BACKGROUND

Kennison challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. State of Nevada v. Kennison, Case No. C-19-340752-2.[2] The state district court entered a judgment of conviction for conspiracy to commit murder and murder with use of a deadly weapon, victim 60 years of age or older. The state district court sentenced Kennison to a term of 18 to 45 years. The Nevada Supreme Court affirmed the judgment of conviction on direct appeal.

Kennison filed a state habeas petition, and the state district court denied relief. The Nevada Court of Appeals affirmed the denial of relief. Kennison initiated this federal habeas corpus proceeding. ECF No. 1.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

## II. DISCUSSION

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. See Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Turning to Kennison's request for counsel (ECF No. 1-5) to assist him in this habeas action, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. See Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing Lawrence v. Florida, 549 U.S. 327, 336-37 (2007)). However, an indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. Id. (authorizing appointment of counsel "when the interests of justice so require"). But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. See La Mere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980).

The Court finds that appointment of counsel in this case is in the interests of justice, given, among other things, the complexity of Kennison's claims, his lengthy sentence, that his petition may raise relatively complex issues, and it is unclear whether he will be able to adequately articulate his claims in proper person with the resources available to him. Therefore, Kennison's request for counsel is granted and the Federal Public Defender is provisionally appointed to represent him.

## III. CONCLUSION

Therefore, **IT IS HEREBY ORDERED** the Application to Proceed *In Forma Pauperis* (ECF No. 1) is granted.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Counsel (ECF No. 1-5) is granted.

**IT IS THEREFORE ORDERED** that the Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The court anticipates a deadline of approximately 60 days from entry of the formal order of appointment.

**IT IS THEREFORE ORDERED** that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

**IT IS THEREFORE ORDERED** that the Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

**IT IS THEREFORE ORDERED** that the Clerk of Court is further directed to send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

**DATED**: September 17, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**